UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COLUMBUS COHEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-10983-RGS |
| ) | |
| LUIS SPENCER, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Columbus Cohen (the "petitioner"). As argued in this memorandum, the petition should be dismissed on the ground that it is time-barred under 28 U.S.C. §2244(d)(1).[1]

### PRIOR PROCEEDINGS

On March 11, 1986, a Suffolk County grand jury returned two indictments charging the petitioner with two counts of murder in the first degree. *See* Exhibits A and B, Docket Entries, *Commonwealth v. Cohen*, Criminal No. 057884 and 057886. On October 16, 1986, after a jury trial before Massachusetts Associate Justice Robert V. Mulkern, the petitioner was convicted of first- and second-degree murder. *Id.* The trial judge sentenced the petitioner to life in prison for the first-degree murder conviction, along with a concurrent life sentence for the second-degree

---

[1] Since the petition must be dismissed under the statute of limitations, the respondent does not address herein the merits of the petition. Should this Court rule that this petition is not time barred, the respondent respectfully requests additional time to file an answer and memorandum in opposition to the petition.

murder conviction. *Id.* The petitioner timely noticed an appeal. *Id.* On April 7, 1992, the Massachusetts Supreme Judicial Court ("SJC") affirmed the petitioner's convictions. *See* Exhibit C, *Commonwealth v. Cohen*, 412 Mass. 375, 589 N.E.2d 289 (1992).

On December 31, 2001, the petitioner filed a motion for new trial in Suffolk Superior Court. *See* Exhibits A and B, Docket Entries, *Commonwealth v. Cohen*, Criminal No. 057884 and 057886. On January 18, 2002, Associate Justice Charles T. Spurlock denied the motion for new trial, noting that "many of these issues were raised on appeal and those that were not are deemed waived." *Id.* The petitioner than filed an application for leave to appeal in the SJC that was denied on October 29, 2003. *See* Exhibit D, Docket Entries, *Commonwealth v. Cohen*, SJ-2002-0464.

On May 17, 2004, the petitioner filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254. The respondent now files a motion to dismiss the petition as time-barred.

## ARGUMENT

**I.   THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The SJC affirmed the petitioner's convictions on April 7, 1992. *See* Exhibit C, *Commonwealth v. Cohen*, 412 Mass. 375, 589 N.E.2d 289 (1992). In cases like this one, where a conviction became final before the passage of the AEDPA, *i.e.*, before April 24, 1996, petitioners are given a judge-made, one-year grace period to file a habeas corpus petition. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999) (applying one-year grace period to §2254 petition). This one year grace period ended on April 24, 1997. *Rogers v. U.S.*, 180 F. 3d 349, 355 n.13 (1st Cir. 1999), *cert. denied*, 528 U.S. 1126 (2000). As noted above, the petitioner filed nothing within his one- year time period. As such, the petition is time-barred.

Furthermore, there are no circumstances that allow this petitioner to invoke the triggering provisions of §§2244(d)(1)(B)-(D). The petitioner allowed four years to elapse before filing a motion for a new trial in state court on December 31, 2001. *See* Exhibits A and B, Docket Entries, *Commonwealth v. Cohen*, Criminal No. 057884 and 057886. Moreover, the fact that the grace period may be tolled pursuant to the provisions of 28 U.S.C. §2244(d)(2) is no aid to this petitioner. *See Gaskins v. Duval*, 183 F.3d at 9-10. Here, the petitioner's post-conviction filings

in state court, specifically, his motion for new trial, was not filed until four years after the grace period had run. Consequently, this petition is time-barred and must be dismissed.

## CONCLUSION

For the foregoing reason, the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: June 10, 2004

## CERTIFICATE OF SERVICE

I hereby certify that, on June 10, 2004, I caused to be served a true and correct copy of the foregoing Memorandum of Law in Support of the Motion to Dismiss by mailing a copy of the same by first class mail, postage prepaid, and addressed as follows: Columbus Cohen, *pro se*, MCI- Norfolk, 2 Clark Street, P.O. Box 43, Norfolk, MA 02056.

/s/ Eva M. Badway
Eva M. Badway