UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| COLUMBUS COHEN, | ) | Civil Action No. 04-10983-RGS |
| Petitioner; | ) | |
| v | ) | |
| LUIS SPENCER, | ) | |
| Respondent; | ) | |

NOTICE OF APPEAL

REQUEST FOR CERTIFICATE OF APPEALABILITY

Now Comes, Columbus Cohen, petitioner in pro-se', giving fair and timely notice of his intent to appeal the court's final ruling by Judge Sterns, denying the petitioner's "Motion to Amend (or make additional) Findings, on November 3, 2004, thereby allowing to stand the court's decision to grant dismissal to the Respondents.

REQUEST FOR CERTIFICATE OF APPEALABILITY

That the petitioner seeks issuance of a C.O.A. to the petitioner on the above noted Dismissal of his Habeas Corpus Petition, and the petitioner contends that there are issues of merit and submits as follows;

1). The petitioner would argue that he has met and exceeded the standards required to obtain the C.O.A. as defined in, Barefoot v Estelle, 463 U.S. 880, in so much as he presented to the district court issues which reach "debatable among jurists of reason" and this court could have decided those issues in a different manner.

2). As regards the Respondent's Motion to Dismiss, predicated upon the enactment of the AEDPA, and it's procedural bars and defaults, the petitioner has asserted and continues to assert his claim of "actual innocence" to those crimes he was convicted of and had he not been subjected to the Constitutional violations claimed within the body of his petition, he would not suffer the unlawful

2 cont.)...conviction then nor his current incarceration.

3). In, Guidroz v Lynaugh, 852 F.2d 832, 834 (5th. Cir. 1988) (citing cases) (pro-se petitions construed liberally; dismissal is inappropriate if petition "set[s] forth facts giving rise to the cause of action" or, though failing to raise ground of error explicitly, does so implicitly or in accompanying document (quoting Bounds v Smith, 430 U.S. 817 (1977).

4). Although the petitioner realizes that the court granted the respondent's Motion to Dismiss, when the petitioner's reply wasn't apparent the petitioner might have been appraised of the dilemma, axiomatic to the principles addressed in, Frank v Johnson, 968 F.2d 298, 300 (2nd. cir) cert. denied 506 U.S. 1038 (1992) ("To alleviate the unreasonable burden placed upon a pro-se litigant by a waiver rule found only in case law, this court requires the magistrate's report to "WARN" (emphases added) the pro-se litigant of consequences of the failure to object"). this premise is again relayed in, Moore v United States, 950 F.2d 656, 659 (10th Cir. 1991) (failure to object to Magistrate's or recommendations will not be deemed waiver in pro-se cases unless magistrate adequately advises petitioner of time for filing objections and consequences of failure to object") in the case at bar the petitioner neglected to insure the mailing of his objection to the respondent's Motion to Dismiss, where the court failed to advise the petitioner of the consequences of his failure to reply.

5). Petitioner asserts that the District court abused it's discretion when it dismissed his petition because the respondent's disputed his claim of exception to the Statue of Limitations and the provisions of the AEDPA, by

5 cont)...assertion of his Actual Innocence, petitioner did attest to these claims in his Motion to Amend (or make Additional) Findings.

Wherefore the petitioner contends that the petition submitted has meritorious claims and when appraised under the "Actual Innocence" claim, will survive procedual bar assaults. Further, the petitioner moves this court to issue forth a "Certificate of Appealability", so he may have a full and fair review of the Constitutional violations which lead to his erroneous conviction.

I, Columbus Cohen, petitioner in pro-se', do now swear and attest the above to be true and factual under the penalties of perjury.

SO SWORN: _[signature]_
COLUMBUS COHEN, pro-se'

CERTIFICATE OF SERVICE

I, Columbus Cohen, petitioner in pro-se', do now certify that I have caused service of the enclosed, NOTICE OF APPEAL / REQUEST FOR CERTIFICATE OF APPEALABILITY, UPON THE Asst. Attorney General, Eva M. Badway, at One Ashburton Place Boston, MA 02108-1598. On this 10th. day of November, 2004 by manner of Certified mail-return Receipt Requested, and that upon return of said receipts true copies will be forwarded to the Clerk of Court U.S. District Court, District of Massachusetts.

SO CERTIFIED: _____
COLUMBUS COHEN, pro-se'